# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00293-APG-EJY |
| Plaintiff | **Order Deeming Order to Show Cause Satisfied** |
| v. | |
| CAMBRIA HOMEOWNERS ASSOCIATION, et al., | |
| Defendants | |

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust encumbering property located at 340 Point Loma Avenue in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale.

SFR contends in its motion for summary judgment that Bank of America has not alleged a cognizable claim because 28 U.S.C. § 2201 is a remedy, not a cause of action or an independent basis for jurisdiction. Bank of America responded that it has an underlying claim to quiet title and that diversity jurisdiction exists.

As I stated in my prior order (ECF No. 91), Bank of America has alleged an underlying cause of action to determine adverse interests in property under Nevada Revised Statutes § 40.010. However, Bank of America had not adequately shown that diversity jurisdiction exists because it presented no evidence as to the parties' citizenship (although it did present evidence of the amount in controversy). Subject matter jurisdiction "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*,

504 U.S. 555, 561 (1992). Because this is summary judgment, the parties "can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts . . ., which for purposes of the summary judgment motion will be taken to be true." *Id.* (quotation omitted). As the party seeking to invoke this court's jurisdiction, Bank of America bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). I therefore directed Bank of America to show cause why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 91.

Bank of America responded with evidence that the parties are diverse. ECF No. 93 through 93-3. Bank of America therefore has met its initial burden of establishing diversity jurisdiction. No party responded or otherwise presented evidence raising a genuine dispute as to the parties' citizenship or the amount in controversy.

I THEREFORE ORDER that the order to show cause (ECF No. 91) is deemed satisfied, and I will not dismiss this action for lack of subject matter jurisdiction.

DATED this 3rd day of March, 2020.

                                           ANDREW P. GORDON
                                           UNITED STATES DISTRICT JUDGE